NO. 12-03-00345-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
JUAN MEJIA,                                                    §                 APPEAL FROM THE 114TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Juan Mejia was convicted for indecency with a child and sentenced to twenty years
of imprisonment. In three issues, Appellant challenges the legal and factual sufficiency of the
evidence and asserts evidentiary error. We affirm.
 
Background
            Appellant was charged by indictment with indecency with a child in violation of section
21.11(a)(1) of the Texas Penal Code. Specifically, the indictment charged Appellant with touching
the breast of K.M., a child younger than seventeen years and not the spouse of the defendant. He
pleaded “not guilty” and tried his case to a jury. 
            According to the evidence at trial, Appellant picked up the four children of friends on
September 2, 2001: a fifteen-year-old female, K.M. (the victim), a thirteen-year-old male, J.M., an
eleven-year-old female, R.M., and a nine-year-old male, C.M. He took them to the zoo along with
his nine-year-old son, R.M. Upon arriving at the zoo, Appellant brushed his hands over K.M.’s
pants to remove some dust. He repeatedly tried to hold her hand while they walked around at the
zoo. He also touched her “backside” or “butt” at least ten times. At one point, Appellant rested his
hand on K.M.’s waistline, close to her breast. However, when Appellant noticed J.M. was watching
him, he removed his hand. Another time, Appellant hooked his hand through K.M.’s pants loop and
rested his thumb on her bare skin above the waistband of the pants. When they stopped to look at
a certain exhibit, Appellant approached K.M. from behind and rested his chin on her shoulder. The
front of his body was touching the back of K.M.’s body.
            Uncontested trial evidence revealed that Appellant lifted K.M. off the ground while at the
zoo. However, the testimony differs as to which body parts Appellant touched in the process. K.M.
testified that Appellant had one hand on her “butt” and the other hand very close to her breast. 
During the process of picking her up, Appellant’s finger touched her breast. As he was lowering
K.M., he placed his face or his chin on her breast. During the police investigation, Appellant denied
touching K.M.’s breast although he admitted that he picked her up. 
            Appellant asked K.M. her age. Upon learning she was only fifteen, he commented that she
looked much older, eighteen to twenty. He asked her if she had a boyfriend. When K.M. said that
she did, Appellant suggested that she “get rid of him” so she could date him. Appellant told K.M.
that she had a good body and that she looked good in her clothes. He suggested that K.M. make a
trip to Dallas with him. When the detectives asked Appellant about these comments, Appellant
admitted making them. Additionally, K.M. testified that when Appellant called her house to speak
to her dad and she answered the phone, Appellant would often say “I love you” and “I miss you”
before she handed the phone to her parents.
            After leaving the zoo, Appellant returned the four children to their home. Before arriving,
he asked whether they would like to drive his car. Everyone but K.M. responded affirmatively. 
Upon arriving at the children’s house, he asked the boys, including his son, to get out of the car. 
K.M. refused to stay in the car, but eleven-year-old R.M. remained. R.M. testified that after he
allowed her to drive down the road, Appellant asked her for a kiss. She moved to kiss him on his
cheek, but he turned his head quickly and, instead, kissed her on her mouth. He then asked her if
she knew how to “french kiss.” When she responded in the negative, Appellant showed her by
kissing her again, this time touching her mouth with his tongue. When R.M. said she did not like
that, he asked her not to tell anyone. He then turned around and drove her back home. When the
investigating officers asked about the incident, Appellant admitted kissing R.M. 
            At trial, the jury found Appellant “guilty,” assessed a $10,000 fine, and sentenced him to
twenty years of imprisonment. Appellant now appeals from that conviction and sentence.
 
Sufficiency of the Evidence
            In his first two issues, Appellant challenges the legal and factual sufficiency of the evidence
supporting the jury’s finding that he touched K.M.’s breast. 
Standard of Review
            In reviewing a legal sufficiency challenge, the appellate court examines the evidence in the
light most favorable to the judgment to determine whether a rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Johnson v. State, 871 S.W.2d 183,
186 (Tex. Crim. App. 1993) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789,
61 L. Ed. 2d 560 (1979)). The jury is the exclusive judge of (1) the facts, (2) the credibility of the
witnesses, and (3) the weight to be given to the testimony of each witness. Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. 1981). As fact finder, a jury may reject all or any part of a
witness’s testimony. Id. A successful legal sufficiency challenge results in the rendition of an
acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).
            In conducting a factual sufficiency review, the appellate court must review all of the
evidence, but not in the light most favorable to the prosecution. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). We must determine whether a neutral review of all the evidence, both for
and against the challenged finding, demonstrates that a rational juror could find guilt beyond a
reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). Evidence is
factually insufficient when evidence supporting the verdict, considered by itself, is too weak to
support the finding of guilt beyond a reasonable doubt. Id. Evidence is also factually insufficient
when contrary evidence is so strong that the beyond-a-reasonable-doubt burden of proof could not
have been met. Id. at 484-85. In performing a factual sufficiency review, we defer to the fact
finder’s determinations, including those involving the credibility and demeanor of witnesses. Id. at
481. The only question to be answered in a factual sufficiency review is whether, considering the
evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable
doubt. Id. at 484.
Applicable Law and Discussion
            A person commits the offense of indecency with a child if the person engages in sexual
contact with a child who is younger than seventeen years and not the person’s spouse. Tex. Pen.
Code Ann. § 21.11(a)(1) (Vernon 2003). If committed with the intent to arouse or gratify the sexual
desire of any person, “any touching by a person, including touching through clothing, of the anus,
breast, or any part of the genitals of a child” is “sexual contact.” Tex. Pen. Code Ann. § 21.11(c)(1)
(Vernon 2003). 
            Legal Sufficiency
            At trial, K.M. testified that Appellant touched her breast with both his finger and his chin. 
A victim’s uncorroborated testimony is sufficient to support a conviction for a sexual offense. Tex.
Code Crim. Proc. Ann. art. 38.07(a), (b) (Vernon Supp. 2004–2005);


 West v. State, 121 S.W.3d
95, 111 (Tex. App.–Fort Worth 2003, pet. ref’d). Therefore, a rational trier of fact could have found
beyond a reasonable doubt that Appellant touched K.M.’s breast. Appellant’s legal sufficiency
argument fails; consequently, we overrule his first issue.
            Factual Sufficiency
             At trial, each of the children who testified, including Appellant’s son, stated that they saw
Appellant lift K.M. from the ground. During the investigative interview, Appellant admitted he
picked her up although he denied touching her breast. K.M.’s younger brother, C.M., testified that
he saw Appellant’s hand near her breast at one point. However, the other children were not able to
testify specifically that Appellant touched K.M.’s breast. K.M. told her parents, the police, and the
jury that Appellant touched her breast with his chin as he was putting her down after lifting her off
the ground. She also said that Appellant had his hands on her chest, near her breast. She indicated
his thumb was on her breast as he picked her up. 
            The jury accepted the State’s version of the facts and found against Appellant. In our
evaluation, we should not substantially intrude upon the jury’s role as the sole judge of the weight
and credibility of witness testimony. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). We have conducted a neutral review of all the evidence, both for and against the finding. 
The record does not reveal any evidence that causes us to conclude that the proof of guilt is too weak
to support the finding of guilt beyond a reasonable doubt. Nor does the record reveal contrary
evidence so strong that guilt could not have been proven beyond a reasonable doubt. Thus, we hold
that the evidence is factually sufficient to support the jury’s finding. Consequently, we overrule
Appellant’s second issue.
 
Extraneous Offense
            In his third issue, Appellant asserts that the trial court erred by allowing testimony of an
extraneous offense during the guilt-innocence stage of trial. 
Applicable Law
            It is well established that an accused may not be tried for some collateral crime or for being
a criminal generally. Williams v. State, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983). Evidence
of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show
action in conformity therewith. Tex. R. Evid. 404(a). Extraneous offense evidence may, however,
be admissible if it is logically relevant to prove some other fact. Tex. R. Evid. 401, 404(b). Rule
404(b) allows extraneous offense evidence to be admitted when it offers proof of motive, identity,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex.
R. Evid. 404(b).
            Even if evidence is relevant and admissible under 404(b), it may be excluded under Texas
Rule of Evidence 403. Wheeler v. State, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002). Under Rule
403, relevant evidence may be excluded if its probative value is substantially outweighed by the
danger of “unfair” prejudice, which is the tendency of the evidence to suggest a decision on an
improper basis. Tex. R. Evid. 403; Mozon v. State, 991 S.W.2d 841, 846-47 (Tex. Crim. App.
1999). The approach under Rule 403 is to admit all relevant evidence unless the probative value is
substantially outweighed by the danger of unfair prejudice. Montgomery v. State, 810 S.W.2d 372,
377 (Tex. Crim. App. 1990) (citing Crank v. State, 761 S.W.2d 328, 342 n. 5 (Tex. Crim. App.
1988)) (emphasis in original).
             The trial court should consider several factors in determining whether the prejudicial effect
of evidence substantially outweighs its probative value. These factors include 1) how compellingly
the evidence of the extraneous offense serves to make a fact of consequence more or less probable,
2) the extraneous offense’s potential to impress the jury in some irrational but indelible way, 3) the
trial time that the proponent will require to develop evidence of the extraneous conduct, and 4) the
proponent’s need for the extraneous transaction evidence. Wheeler, 67 S.W.3d at 888. Relevant
evidence is presumed to be more probative than prejudicial. Montgomery, 810 S.W.2d at 389 (op.
on reh’g). Because of this presumption, a defendant bears the burden of demonstrating how the
negative attributes of the evidence substantially outweigh its probative value. Id. at 389-90 (op. on
reh’g). 
Discussion
            In the present case, testimony from K.M.’s younger sister, R.M., was admitted over objection. 
R.M. stated that Appellant tried to hold her hand at the zoo and during their drive from the zoo. 
Appellant asked R.M. if she had a boyfriend. Appellant kissed R.M. on the mouth and then “french”
kissed her when he took her alone for a drive. He then asked R.M. not to tell anyone. The court
allowed the testimony to be admitted, but instructed that it be considered only for purposes of
establishing Appellant’s intent to gratify himself sexually. Because intent to satisfy sexual appetite
is an element of the crime charged, R.M.’s testimony was relevant. See Gilbert v. State, 808 S.W.2d
467, 471-72 (Tex. Crim. App. 1991). 
            Having determined that R.M.’s testimony is relevant, we now must consider if the evidence
should have been excluded under Rule 403. 
            How Compelling the Evidence Is
            Evidence that Appellant acted inappropriately with another young girl is highly probative,
making the fact of Appellant’s sexual contact with K.M. more probable. As with K.M., Appellant
asked R.M. if she had a boyfriend and repeatedly tried to hold her hand. This lends credibility to
K.M.’s complaint and diminishes Appellant’s credibility. The fact that Appellant kissed R.M. is also
probative as another example of Appellant’s inappropriate behavior with young girls. R.M.’s
testimony is relevant, diminishes Appellant’s credibility, and is compelling.
            Potential to Impress Jury in Irrational and Indelible Way
            While R.M.’s testimony may have had a factual impact, in light of K.M.’s testimony that
Appellant touched her breast, these extraneous offenses did not irrationally impress the jury in a way
that could materially affect its decision-making process. Further, any impermissible inference of
character conformity was minimized through a limiting instruction to the jury. Lane v. State, 933
S.W.2d 504, 520 (Tex. Crim. App. 1996). The trial court gave a limiting instruction to the jury
explaining that it could not consider the extraneous offense for any purpose other than determining
intent. We cannot conclude that the extraneous offense evidence was likely to create such prejudice
in the minds of the jury that it would have been unable to limit its consideration of that evidence to
its proper purpose. See Montgomery, 810 S.W.2d at 397 (op. on reh’g). 
            Trial Time Needed
            The record in this case is over six hundred pages long. R.M.’s testimony constitutes less than
twenty-four of those pages. Compared to the length of the trial, the State spent a relatively short
amount of time presenting the extraneous offense evidence. Therefore, presentation of this evidence
did not divert the jury from consideration of the indicted offense.
            State’s Need for the Evidence
            No one other than K.M. could testify that Appellant touched K.M.’s breast. Appellant denied
the act, and the jury had to determine whether to believe K.M. or Appellant. The testimony of R.M.
describing Appellant’s inappropriate behavior with her goes directly to K.M.’s credibility and the
reasonableness of her story. See Wheeler, 67 S.W.3d at 888 (extraneous offense evidence describing
an offense similar to the charged event contradicted the appellant’s defensive theories). The
extraneous offense served to decrease the likelihood that K.M. fabricated the allegations against
Appellant. 
              The appellate court reviews the trial court’s balancing of probative value and prejudice
under an abuse of discretion standard. Montgomery, 810 S.W.2d. at 390 (op. on reh’g). The trial
court’s ruling must be upheld so long as it is “within the zone of reasonable disagreement.” 
Wheeler, 67 S.W.3d at 888. Our review of the record and relevant factors under Rule 403 leads us
to conclude that the probative value of the extraneous offense evidence was not substantially
outweighed by its prejudicial impact. Accordingly, we hold that the trial court did not abuse its
discretion in admitting this evidence. We overrule Appellant’s third issue.
 
Disposition
            Having overruled Appellant’s three issues, the trial court’s judgment is affirmed. 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered December 22, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.






















(DO NOT PUBLISH)